

**Signed and Filed: June 04, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NGA TUY PHAM,<br><br><br>              Debtor.<br>_____<br>NGOC LAN THI NGUYEN,<br><br>              Plaintiff,<br><br>    vs.<br><br>NGA TUY PHAM, YEN CHUNG, KENNY HUNG WAI NG, and QUAN THANH CHUNG,<br><br>              Defendants.<br>_____ | Case No. 08-30904 TEC<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 08-3073 TC |

**MEMORANDUM DECISION RE PHASE I OF TRIAL**

The court bifurcated trial of the above-entitled action, directing that Plaintiff's claims against Yen Chung be tried in Phase I, and that Plaintiff's claims against Nga Tuy Pham be tried in Phase II. Phase I was tried on May 26, 2009. Robin E. Foor appeared for Plaintiff. John Chow and Roberto Ripamonte appeared for Defendant Yen Chung. This memorandum decision shall constitute the court's findings of fact and conclusions of law.

MEMORANDUM DECISION
RE PHASE I OF TRIAL        -1-

Plaintiff Ngoc Lan Nguyen (Plaintiff) was a close friend of Defendant Nga Tuy Pham (Pham). Defendant Yen Chung (Chung) is Pham's married adult daughter. From about 2002 until August 2006, Plaintiff made various loans to Pham that have not been fully repaid. Plaintiff contends that Pham obtained these loans by fraud, never intending to repay, and inducing Plaintiff to make the loans by impersonating the spirit of Plaintiff's dead brother and in that guise urging Plaintiff to loan Pham money.

Among the transactions between Plaintiff and Pham is a cashier's check in the amount of $8,500 purchased by Plaintiff on January 20, 2004, made payable to Chung, and delivered to Pham (the Cashier's Check). Pham testified that the Cashier's Check represents repayment of a loan she made to Plaintiff. Plaintiff testified that the Cashier's Check represents a loan she made to Pham and Chung. The subject of Phase I is Plaintiff's claim that Chung is obligated to return the $8,500 transferred to her via the Cashier's Check under a theory of unjust enrichment or implied contract.

I determine that Chung has no liability for receipt of the Cashier's Check.

To the extent transfer of the Cashier's Check was a loan from Plaintiff, it was a loan to Pham, to which Chung was not a party. There were no discussions between Plaintiff and Chung regarding the transfer. Chung made no promise to repay and never acknowledged any debt, orally or in writing, directly or indirectly. Pham did not act as an agent for Chung in obtaining the funds. Chung did not ask Pham to obtain the funds. Chung and Pham did not agree between themselves that Chung would repay either Pham or Plaintiff.

**MEMORANDUM DECISION**
**RE PHASE I OF TRIAL**                -2-

Pham did not represent to Plaintiff that Chung would repay the funds. Chung did not guarantee repayment.

There was no relationship or trust and confidence between Plaintiff and Chung. To the extent there was a relationship of trust between Plaintiff and Pham, that relationship did not change the basic nature of the transaction described above: that any obligation to Plaintiff created by the transfer of the Cashier's Check was in the nature of a loan to Pham, not to Chung.

To the extent there was any fraud in obtaining the Cashier's Check from Plaintiff, Chung did not participate in that fraud, and had no knowledge of that fraud.

Chung did not have beneficial use the funds transferred via the Cashier's Check. Pham retained dominion and control of the funds at all times. The Cashier's Check was made payable to Chung at the direction of Pham. Chung applied the funds as directed by Pham, and not pursuant to her own wishes. On the same day she received the Cashier's Check, Chung made the following transfers at the direction of Pham from the proceeds of the Cashier's Check: $1,500 in cash to Pham; $2,000 by check to Pham; and $3,000 by check to Pham's laundromat. One month later, Chung transferred the remaining $2,000 to Tran Huynh at the direction of Pham. Pham used the $2,000 check to Tran Huynh to buy jewelry for all her children and grandchildren.

California courts follow the Restatement of Restitution in resolving claims for unjust enrichment and implied contract. Hirsch v. Bank of America, 107 Cal. App. 4th 708, 721-22 (2003).

The Restatement of Restitution provides in relevant part: "Liability in restitution is based on and measured by the receipt

**MEMORANDUM DECISION**
**RE PHASE I OF TRIAL**                -3-

of a benefit, but the receipt of a benefit does not of itself make the recipient liable in restitution." Restatement (Third) of Restitution and Unjust Enrichment (Tentative Drafts) § 2(1). The official comment to section 2 of the Restatement provides in relevant part:

> *d. Benefit as the measure of liability.* Liability in restitution is based on the defendant's receipt of a benefit constituting unjust enrichment. *See* § 1, Comment b. In the absence of a benefit to the defendant, there can be no liability in restitution; nor can the measure of liability in restitution exceed the measure of the defendant's enrichment. Restitution in a proper case may strip a defendant of all profits gained in a transaction with the plaintiff, but principles of unjust enrichment will not support the imposition of a liability that leaves an innocent defendant worse off, ignoring costs of litigation, than if the transaction with the plaintiff had never taken place. Such a result is permissible only against a defendant whom the law treats as a conscious wrongdoer. To the extent that liability exceeds benefit, liability must be justified by reference to some source of obligation other than the defendant's enrichment at the plaintiff's expense.

Liability for unjust enrichment is measured by the benefit to the transferee, not by the loss to the transferor. F.T.C. v. Verity Int'l., Ltd., 443 F.3d 48, 67 (2d Cir. 2006). A party is not liable in unjust enrichment for the receipt of property over which that party does not exercise dominion and control. Zell & Ettinger v. Berglas, 690 N.Y.S.2d 721 (Sup.Ct.App. 1999); Bugarsky v. Marcantonio, 678 N.Y.S.2d 737 (Sup.Ct.App. 1998).

In the circumstances represented by the findings of fact described above, Chung is not obligated under any theory of unjust enrichment or implied contract to return all or any part of the $8,500 Cashier's Check. Chung had no contractual relationship with Plaintiff. Chung engaged in no wrongdoing toward Plaintiff. Chung received no economic benefit from receipt of the Cashier's Check,

**MEMORANDUM DECISION**
**RE PHASE I OF TRIAL** -4-

because she had no discretion to put any part of those funds to her own use.

**\*\*END OF MEMORANDUM DECISION\*\***

**MEMORANDUM DECISION
RE PHASE I OF TRIAL** -5-

| | |
|---|---|
| 1 | |
| 2 | **Court Service List** |
| 3 | |
| 4 | Robin E. Foor, Esq. |
|   | Law Offices of Robin E. Foor |
| 5 | 2843 Alhambra Drive |
|   | Belmont, CA 94002 |
| 6 | |
|   | John Chow, Esq. |
| 7 | Roberto Ripamonti, Esq. |
|   | Tsao-Wu, Chow & Yee, LLP |
| 8 | 685 Market Street, Suite 460 |
|   | San Francisco, CA 94105 |