Signed and Filed: October 14, 2009

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NGA TUY PHAM,<br><br>　　　　　Debtor.<br>_____<br>NGOC LAN THI NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NGA TUY PHAM, YEN CHUNG, KENNY HUNG WAI NG, and QUAN THANH CHUNG,<br><br>　　　　　Defendants.<br>_____ | Case No. 08-30904 TEC<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No. 08-3073 TC |

### MEMORANDUM RE MOTION FOR NEW TRIAL RE PHASE I

The court tried Plaintiff's claims against Yen Chung separately from Plaintiff's claims against Nga Pham. At the conclusion of Phase I of trial, the court issued a decision in favor of Defendant Chung, but did not enter judgment on that decision. On September 25, 2009, the court conducted a hearing on Plaintiff's motion to have this court conduct a new trial on Phase I, and/or to have this court amend its findings of fact and conclusions of law regarding Phase I. Upon due consideration, and

MEMORANDUM DECISION
RE MOTION FOR NEW TRIAL            -1-

for the reasons set forth below, I determine that Plaintiff's motion should be denied.

**FACTS**

Defendant Pham was a close friend of Plaintiff, and between 2002 and 2007 Pham borrowed a large sum of money from Plaintiff. One such transaction occurred on January 20, 2004, when Pham induced Plaintiff to purchase and to deliver to Pham a cashier's check in the amount of $8,500 payable to Pham's daughter, Yen Chung. On the next day, Yen Chung deposited the cashier's check in her account, then immediately gave Pham $1,500 cash and wrote checks to Pham and the family laundry business totaling $5,000. One month later, Pham directed Yen Chung to write a $2,000 check to Tran Huynh. That check was used to purchase a bracelet for Yen Chung and gold chains for Pham's other relatives.

After Pham failed to repay the amounts owed Plaintiff and filed a chapter 7 petition, Plaintiff filed the present action, seeking, *inter alia*, to recover $8,500 from Yen Chung under a theory of unjust enrichment or implied contract. In the decision re Phase I, the court found that Yen Chung was not liable under theories of unjust enrichment or implied contract: because Yen Chung did not have beneficial use of the $8,500; because Yen Chung never sought funds from Plaintiff, made no representations or promises to Plaintiff, and engaged in no wrongful acts toward Plaintiff; and because Pham never represented to Plaintiff that Yen Chung would repay Plaintiff.

Plaintiff urges this court to grant a new trial and/or to amend its findings of fact and conclusions of law regarding Phase I of the trial for the following reasons. Plaintiff first urges that

she has newly discovered evidence in the form of the testimony of Tran Huynh.  Plaintiff next urges that the decision in Phase I was against the weight of the evidence in the following respects: (i) the court should have found Defendant Yen Chung liable in implied contract because she received the bracelet without paying for it; (ii) the court erred in finding that Pham did not promise Plaintiff that Defendant Yen Chung would repay Plaintiff; (iii) the court did not recognize that Pham had apparent authority to act on behalf of Defendant Yen Chung in promising that Chung would repay Plaintiff; and (iv) the court did not take proper account of the fact that Pham altered a check from Plaintiff to change the amount payable from $2,000 to $20,000.

**DISCUSSION**

1. <u>Testimony of Tran Huynh</u>.  Assuming arguendo that the identity of Mr. Huynh could not have been discovered in time to introduce his testimony at Phase I of the trial, the discovery of Huynh's testimony is not a proper basis for a new trial, because it would not change the result.  The court is very familiar with Huynh's testimony, because it heard that testimony at Phase II of the trial.

Ms. Pham and Defendant Yen Chung testified at Phase I that they met with Huynh at the grand opening of his jewelry store on or about February 20, 2004, at which time Yen Chung selected a bracelet and paid for it with a $2,000 check drawn upon her account.  The same witnesses testified that the $2,000 check represented the last of the proceeds of the $8,500 cashier's check of January 20, 2004 made payable to Chung but delivered to Pham.  These witnesses also testified that Pham had directed the

disposition of all the proceeds of the cashier's check. The court credited this testimony, and found that Defendant Yen Chung was not liable to Plaintiff in implied contract, in part because she did not enjoy the beneficial use of the proceeds of the cashier's check.

Huynh testified at Phase II that the grand opening of his jewelry store did not occur until May 2004, that Pham delivered the $2,000 check to him in a coffee shop on February 20, 2004, and that he had no dealings with Chung. Plaintiff argues that Huynh's testimony is so inconsistent with the testimony of Pham and Chung that it fatally damages the credibility of Pham and Chung.

Huynh's testimony provides no basis to grant a new trial or to amend the court's prior findings of fact and conclusions of law.

Huynh's testimony does not undermine the key finding that it was Pham and not Chung who directed the use of the proceeds of the cashier's check. The only material difference between the testimony of Pham and Chung at Phase I and Huynh's testimony at Phase II is that Huynh testified that he received the $2,000 check from Pham, whereas Pham and Chung recollected that Chung had given the check to Huynh. Huynh's testimony is entirely consistent with the court's finding that it was Pham who directed the use of the funds. Nor does the discrepancy between Huynh's testimony and the testimony of Pham and Chung indicate that Pham and Chung intentionally lied. The events in question occurred more than five years before trial and were unremarkable at the time.

2. <u>Chung's receipt of the bracelet</u>. Plaintiff argues that the court should amend its decision to find that Chung is liable in implied contract because the evidence indicates that Chung received

**MEMORANDUM DECISION**
**RE MOTION FOR NEW TRIAL**     -4-

the bracelet without paying for it. This argument is unpersuasive. In its prior decision, the court assumed that Chung received the bracelet. The court found that Chung was not liable in implied contract, because it was Pham who induced Plaintiff to provide the cashier's check, because Pham directed the use of those funds and therefore enjoyed beneficial use of those funds, and because Chung did not participate in any wrongful conduct toward Plaintiff. That Pham had beneficial use of the $2,000 paid to Huynh is supported by the testimony that Pham used that sum to buy gifts for other relatives as well as for Chung. The present case is like that in which a credit card holder uses a credit card to purchase a gift for a third person and the third person does not engage in any wrongful conduct toward the card issuer. In such circumstances, the gift to the third party is a transfer independent of the credit transaction between the card holder and the card issuer, and the third party recipient of the gift is not liable in implied contract if the card holder does not repay the card issuer. Rstmt. (Third) of Restitution and Unjust Enrichment (Tentative Drafts) § 29, cmt. a(6).

    3. <u>Pham's promise that Chung would repay</u>. Plaintiff has not cited any evidence that causes this court to amend its finding that Pham never represented to Plaintiff that Chung would repay Plaintiff the amount of the cashier's check.

    4. <u>Apparent authority</u>. Plaintiff's argument that Pham had apparent authority to act for Chung in promising that Chung would repay the amount of the cashier's check is irrelevant, because the court found that Pham made no such promise.

1    5.  <u>Alteration of check</u>.  The asserted alteration of the April
2  12, 2005 check is not a basis for new trial or amendment of the
3  court's decision following Phase I, because the court finds that
4  Pham did not alter that check.  See pages 9-10 of Memorandum re
5  Phase II of Trial.

**\*\*END OF MEMORANDUM DECISION\*\***

## Court Service List

Robin E. Foor, Esq.
Law Offices of Robin E. Foor
2843 Alhambra Drive
Belmont, CA 94002

John Chow, Esq.
Roberto Ripamonti, Esq.
Tsao-Wu, Chow & Yee, LLP
685 Market Street, Suite 460
San Francisco, CA 94105