

**Signed and Filed: January 29, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-30904 TEC |
| NGA TUY PHAM, | Chapter 7 |
| Debtor. | |
| NGOC LAN THI NGUYEN, | Adv. Proc. No. 08-3073 TC |
| Plaintiff, | |
| vs. | |
| NGA TUY PHAM, YEN CHUNG, KENNY HUNG WAI NG, and QUAN THANH CHUNG, | |
| Defendants. | |

### MEMORANDUM RE POST-TRIAL MOTIONS

On December 4, 2009, the court held a hearing on Plaintiff's: (1) Motion for a New Trial and to Amend Findings of Fact and Conclusions of Law; (2) Motion for Post-Trial Discovery; and (3) Motion to Supplement the Record. Robin E. Foor appeared for Plaintiff. Roberto Ripamonti appeared for Defendant. Upon due consideration, and for the reasons stated on the record at the hearing, the court hereby issues the following decision regarding those motions.

MEMORANDUM RE POST-TRIAL MOTIONS     -1-

The motion to amend findings of fact and conclusions of law should be granted to the extent that the court should strike from the Memorandum Decision re Phase II of Trial (docket no. 85) (the Decision) the text on page 3, line 27, beginning with "In so finding, I rely in part. . ." through line 10, page 4 of the Decision. The purpose of this amendment is to eliminate any reference in the Decision to four bank accounts (three at Gateway Bank, one at Washington Mutual) (collectively, the Accounts) that were not admitted into the record, and upon which the court erroneously relied in part in the Decision.

The motion for new trial should be denied, because striking all reference to the Accounts does not change alter the conclusions of law in the Decision. The material facts controlling the conclusions of law are: there was only one note for a small portion of the amount allegedly owed by Defendant to Plaintiff; there was no regular documentation for the rest of the amount allegedly owed; and Defendant paid a substantial amount of money to Plaintiff.

The motion for post-trial discovery should be denied, because the discovery in question should have been conducted before trial.

Defendant's request for sanctions should denied be, because the motion to amend was substantially justified.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Robin E. Foor, Esq.<br>Law Offices of Robin E. Foor |
| 3 | 2843 Alhambra Dr.<br>Belmont, CA 94002 |
| 4 | |
| 5 | Roberto Ripamonti, Esq.<br>Tsao-Wu, Chow and Yee |
| 6 | 685 Market St. #460<br>San Francisco, CA 94105 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**MEMORANDUM RE POST-TRIAL MOTIONS** -3-